IN THE FEDERAL COURT FOR MIDDLE DISTRICT OF TENNESSEE, AT NASHVILLE

| | | |
|---|---|---|
| **TOM SAFFELL** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No:** |
| | ) | |
| **WRIGHT NATIONAL FLOOD** | ) | |
| **INSURANCE COMPANY AND FARMERS** | ) | |
| **INSURANCE EXCHANGE** | ) | |
| **Defendants.** | ) | |

---

## COMPLAINT

---

Comes now Tom Saffell, by and through counsel, Nathan Colburn, and in Complaint against the Defendants, Wright National Flood Insurance Company and Farmers Insurance Exchange for Breach of Contract by failing to pay the valid claims submitted pursuant to the contract of Insurance, fraudulently and/or negligently misrepresented and effectively denying the claims submitted by the Plaintiff and, Bad Faith refusal to pay of an Insurance Company pursuant to TCA § 56-7-105. In Support of this Complaint Plaintiff would state as follows:

### I. JURISDICTION AND VENUE

1. This action arises under the National Flood Insurance Act, as amended, 82 Stat. 583, 42 U.S.C. Section 4001, et seq., pursuant to the insurance contract issued to Plaintiff, providing flood insurance on Plaintiff's properties. This action, having arisen under an applicable federal statute, namely, 42 U.S.C. Section 4072, requires the

application of federal law pursuant to the general federal jurisdiction provisions of 28 U.S.C. Section 1331.

2. The insured properties are situated in the Middle District of Tennessee, Nashville Division, and venue is proper in this Court pursuant to 42 U.S.C. Section 4072.

## II PARTIES

1. Wright National Flood Insurance Company (hereinafter "Wright") is a successor in interest to Stillwater Property and Casualty Insurance Company who is successor of Fidelity National Property & Casualty Insurance Company, a duly licensed Insurance Company eligible to conduct business in the State of Tennessee. Fidelity issued two of the policies at issue in this case.
2. Farmers Insurance Exchange (herein after "Farmers") was a duly licensed Insurance Company eligible to conduct business in the State of Tennessee. Farmers issued the other policy at issue in this case.
3. Don Crites, is the Agent for Fidelity (Wright) and Farmers, acting in the capacity of an Adjustor on their behalf and pursuant to their direction and control.
4. The Plaintiff purchased and maintained casualty insurance coverage (including coverage for damages due to floods) on the respective real and personal property through Fidelity (Wright) and Farmers.

## II. FACTS

5. Plaintiff owned certain properties, to-wit:

1. 2328 A&B Cooper Terrace, Nashville, TN 37216

2. 2314 Cooper Terrace, Nashville, TN 37216

3. 2605 Morganmeade Dr., Nashville, TN 37216

that were significantly damaged in the flood of May 2, 2010 and made proper claims under his coverage of insurance for damages sustained at those properties.

6. The day after the great Nashville flood of May 2, 2010, Don Crites, Colonial Claims Flood Adjuster, acting as Agent and on behalf of Fidelity (Wright) and Farmers called to arrange a time to view all three properties as soon as the flood waters receded.
7. Plaintiff and Agent Crites inspected the damage sustained to the properties on or about May 7th, 2010.
8. Agent Crites approved the damages sustained to the properties and made arrangements to pay an initial installment under the policies of Insurance on each of the damaged properties.
9. On or about May 28th 2010, three checks arrived in the mail which Defendant/ Cross-Plaintiff. The amount of each check was as follows:
    a. 2328 & 2330 Cooper Terrace- $26,642.69 with the policy limit of $77,000 insured by Farmers.
    b. 2312 & 2314 Cooper Terrace- $21,669.67 with the policy limit of $78,000 insured by Fidelity.
    c. 2605 & 2607 Morganmeade- $40,202.12 with the policy limit of $91,000 insured by Fidelity.
10. Plaintiff called Don Crites immediately to express concern over the amounts. Don Crites informed that Plaintiff didn't understand "How this works" and that Plaintiff use the initial payout to begin the reconstruction and repair of the properties. Crites then stated "If you need more money, you file a supplement." Plaintiff relied on that

statement to his detriment by filing supplements timely but the claims were never paid.

11. Plaintiff had retained the services of Don Moore Construction Co. to complete the repairs to the properties. The estimates provided by the Contractor were used as the initial basis for the claims made to the Agent acting on behalf of Fidelity (Wright) and Farmers.

12. Over the next twenty-seven months Defendant/ Cross-Plaintiff and Don Moore Construction filed supplements with the required receipts and invoices with Don Crites on at least four different occasions. Several days after each submission Don Crites would email or call Don Moore and/or Defendant/ Cross-Plaintiff and say "He (Don Moore Construction) has stuff in here that they won't accept." The refusal to pay supplemental claims persisted. Defendant/ Cross-Plaintiff never saw another penny from the insurance companies although the repairs had been properly completed and documented.

13. The Cooper Terrace buildings sat vacant and unfinished for eighteen months as a result of the Cross-Defendants refusal and/or failure to pay the valid claims submitted.

14. The Morganmeade property has just recently been completed due to the Cross Defendants' breach of their contract and refusal and/or failure to pay the valid claims submitted. This has caused substantial loss of revenue for the Plaintiff along with other incidental and consequential damages.

15. The Plaintiff properly mitigated their damages by properly protecting the properties from further diminishment and spending their own money to further repair the properties, but it did take substantial time and resource.

16. Plaintiff was advised by Fidelity Flood Insurance in August of 2012 that they had not received any request for a supplement payout on either of the Plaintiff's flood policies and that Plaintiff was again referred to the Agent, Crites who failed to take the necessary steps to process the supplemental claim constituting the last breach of the contract.

17. Plaintiff likewise contacted Farmers in August of 2012 and they advised the Plaintiff that they had never received any request for a supplement payout on either of the policies. The Plaintiff was again referred to their Agent, Crites who failed to take the necessary steps to process the supplemental claim constituting the last breach of the contract.

## III. CLAIMS

19. Fidelity (Wright), by and through their Agent, Crites, breached their contract of insurance by failing to pay the valid claims and supplemental claims made by the Plaintiff.

20. Farmers, by and through their Agent, Crites, breached their contract of insurance by failing to pay the valid claims and supplemental claims made by the Plaintiff.

21. Fidelity and Farmer's by and through their agent Crites, negligently and in a pattern of bad faith pursuant to TCA §56-7-105, failed to pay the proper claims submitted by the Plaintiff and have exceeded sixty (60) days after demand was made.

22. Crites, acting on behalf of Fidelity (Wright) and Farmers failed to properly consider the claims and intentionally or negligently failed to submit the properly

23. Defendants are estopped from denying the existence of the contracts and the validity of the claims made under the policies of insurance based on the partial payments made under the policies of insurance.

24. Don Crites acted as an agent for the companies and as such they are bound by his actions.

25. The failure of Crites to perform his duties as the adjustor by failing to submit the validly filed claims to Fidelity (Wright) and Farmers resulted in foreseeable damages being incurred by the Plaintiff.

26. Don Crites, agent for the insurance companies, made representations of material fact as it relation to payment on the policies as to the supplemental claims that were fraudulent and/or negligent. The actions of Agent Crites were intended to wrongfully deny the Plaintiff moneys due that were rightfully and properly due under the policies of Insurance.

28. As a result of Plaintiff's reliance upon the representations made by Agent Crites, he sustained damages of loss of the use of money and property as well as interest on loans and added costs of repair.

29. Defendants are liable for additional penalties under TCA § 56-7-105, for a sum not exceeding twenty-five percent (25%) on the liability for the loss; for the refusal to pay the loss was not in good faith, and that the failure to pay inflicted additional expense, loss, or injury including attorney fees upon the Plaintiff.

30. Fidelity (Wright) and Farmers are liable to the Plaintiff for Agent Crites' lack of action on their behalf under the doctrine of *respondeat superior or master servant.*

**WHEREFORE, THE PLAINTIFF PRAYS:**

1. That he be granted a judgment against the Defendant's for $247,956.06 plus interest thereon since date of last payment for the cost of the repairs made to the properties for which the Plaintiff was entitled under the policies of Insurance.
2. That the Plaintiff be awarded a judgment against the Defendants' for loss of revenue on the properties, as well as all incidental and consequential damages in addition to the contractual damages.
3. That a penalty be assessed for bad faith against the Defendants pursuant to TCA § 56-7-105 in an amount not to exceed 25% of the underlying loss.
4. That the Plaintiff be given a judgment for his reasonable attorney fees in addition to his other damages.
5. For the costs of this cause to be taxed to the Defendants.
6. For such further relief as may be deemed reasonable and appropriate.

Respectfully submitted,

Nathan Colburn, #28488
1201A 7th Avenue North
Nashville, Tennessee 37208
(615) 255-1212
Colburnlaw@gmail.com