IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TOM SAFFELL,

    Plaintiff,

v.                                        Civil Action No. 3:16-cv-02795

WRIGHT NATIONAL FLOOD
INSURANCE COMPANY, et al.,

    Defendants.

_____

**MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIMS FOR DAMAGES, FEES, EXPENSES AND INTEREST AND INCORPORATED MEMORANDUM OF LAW**

Defendant, WRIGHT NATIONAL FLOOD INSURANCE COMPANY ("Wright"), a Write-Your-Own Program ("WYO") insurance carrier participating in the United States government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] appearing in its "fiduciary"[2] capacity as the "fiscal agent of the United States,"[3] and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves for entry of an order dismissing Plaintiff's claims of negligence, fraud, bad faith and all other state law claims and claims for incidental damages, consequential damages, attorney's fees, litigation expenses, exemplary/punitive damages and prejudgment interest.

Plaintiff's claims of negligence, fraud, bad faith and all other state law claims and claims for incidental damages, consequential damages, attorney's fees, litigation expenses, exemplary/punitive damages and prejudgment interest are preempted and barred under federal

---

[1] 42 U.S.C. § 4001, et seq.
[2] *See* 44 C.F.R. § 62.23(f).
[3] 42 U.S.C. § 4071(a)(1); *Evanoff v. Standard Fire Ins. Co.*, 534 F.3d 516, 519 (6th Cir. 2008).

statutory, regulatory, and common law. *E.g.*, *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 390 (5th Cir. 2005); *Gibson v. American Bankers Ins. Co.*, 289 F.3d 943, 948–49 (6th Cir. 2002); *Newton v. Capital Assur. Co.*, 245 F.3d 1306, 1310–12 (11th Cir. 2001); *West v. Harris*, 573 F.2d 873, 881 (5th Cir. 1978). For the reasons set forth in the incorporated memorandum below, Plaintiff's claims of negligence, fraud, bad faith and all other state law claims and claims for incidental damages, consequential damages, attorney's fees, litigation expenses, exemplary/punitive damages and prejudgment interest should be dismissed.

## MEMORANDUM OF LAW

### I.  FACTUAL BACKGROUND

Wright[4] issued SFIP No. 41 0009607599 07 ("Cooper Policy") to Plaintiff for his property located at 2312-2314 Cooper Terrace, Nashville, TN 37216. Wright issued SFIP No. 41 4400111386 00 ("Morganmeade Policy") to Plaintiff for his property located at 2605 Morganmeade Drive, Nashville, TN 37216. Plaintiff filed suit against Wright in this Court alleging that Wright breached the Cooper Policy and the Morganmeade Policy by failing to pay the amounts that Plaintiff claims are due and owing under the respective SFIPs for flood losses that occurred on or about May 2, 2010. Plaintiff's Complaint, at ¶ 19. In addition to the damages sought for breach of contract, Plaintiff also attempts to assert claims of negligence, fraud and bad faith and requests an award of incidental damages, consequential damages, attorney's fees, litigation expenses, exemplary/punitive damages and prejudgment interest, apparently relying upon alleged violations of Tennessee common law and Tennessee Code § 56-7-105. *Id.* at ¶¶ 19–29.

---

[4] When the policy was issued in 2010, Wright was known as Fidelity National Property and Casualty Insurance Company.

## II.  BACKGROUND OF THE NATIONAL FLOOD INSURANCE PROGRAM

Congress created the NFIP pursuant to the NFIA, 42 U.S.C. § 4001, *et seq. Battle v. Seibels Bruce Ins. Co.,* 288 F.3d 596, 598–600 (4th Cir. 2002) (discussing history and organization of the NFIP).  The Director of the Federal Emergency Management Agency ("FEMA") is charged with overseeing and implementing the NFIP.  *Id.*  Additionally, the Director of FEMA is statutorily authorized to promulgate regulations "for general terms and conditions of insurability which shall be applicable to properties eligible for flood insurance coverage." 42 U.S.C. § 4013.  The regulations also prescribe the methods by which approved losses under the NFIP may be adjusted and paid.  42 U.S.C. § 4019.  Pursuant to FEMA regulations, "all policies issued under the NFIP must be issued using the terms and conditions of the [SFIP] found in 44 C.F.R. Part 61, Appendix A."  *Battle*, 288 F.3d at 599 (citing 44 C.F.R. §§ 61.4(b), 61.13(d), (e), 62.23(c)).

In 1983, under the WYO Program, the Director of FEMA authorized the SFIP to be issued by private insurance companies, commonly referred to as WYO companies (e.g. Wright). 42 U.S.C. § 4081.  The WYO companies issuing flood insurance under the NFIP arrange for the adjustment, settlement, payment, and defense of all claims arising from the policy.  44 C.F.R. § 62.23(d).  Congress underwrites all operations of the NFIP, including claims adjustment, through the United States Treasury funds. 42 U.S.C. § 4017(d)(1).  The federal government pays all flood insurance claims and reimburses WYO program insurers their costs, including defense costs, for the adjustment and payment of claims.  *Grissom v. Liberty Mut. Fire Ins. Co.,* 678 F.3d 397, 402 (5th Cir. 2012) (citing *Campo v. Allstate Ins. Co.,* 562 F.3d 751, 754 (5th Cir. 2009)); 44 C.F.R. pt. 62, app. A., art. III(D)(1)–(2); *see also, Newton v. Capital Assurance Co., Inc.*, 245 F.3d 1306, 1312 (11th Cir. 2001).

3

Congress has conferred "rule-making power upon the agency created for carrying out its policy" to FEMA. 42 U.S.C. §§ 4013, 4017, 4019. Congress statutorily authorized FEMA to enter into "Arrangements" with private insurance companies that operate as the "fiscal agent of the United States." 42 U.S.C. § 4071(a)(1). In effect, a suit against a WYO company is the functional equivalent of a suit against FEMA. *Gibson*, 289 F.3d at 947 (citing *Van Holt v. Liberty Mut. Ins. Co.*, 163 F.3d 161, 166–67 (3d Cir. 1998)); *see Shuford v. Fidelity Nat. Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1343 (11th Cir. 2007). Thus, a judgment against a WYO company constitutes a judgment against FEMA, and consequently, a direct charge on the United States Treasury. *Gibson*, 289 F.3d at 947 (citing *Van Holt*, 163 F.3d at 167); *Newton*, 245 F.3d at 1311–12.

Federal law governs the interpretation of the provisions of the SFIP. Article IX of the SFIP provides:

> This **policy** and all disputes arising from the handling of any claim under the **policy** are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, *et seq.*), and Federal common law.

44 C.F.R. pt. 61, app. A(1), art. IX; *see Shuford*, 508 F.3d at 1344; *Wright v. Allstate*, 415 F.3d at 390. As the U.S. Court of Appeals for the Ninth Circuit has stated:

> "Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law."

*Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 390 (9th Cir. 2000) (quoting *West*, 573 F.2d at 881); *see Gibson*, 289 F.3d at 949–50.

4

### III. ARGUMENT AND CITATION TO AUTHORITIES

#### A. Standard for Dismissal

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must be satisfied "'that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984)). In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and all well-pleaded facts must be accepted as true. *Morgan*, 829 F.2d at 12. However, a court does not need to accept as true the legal conclusions or unwarranted factual inferences contained therein. *Id*.

While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–55 (2007) (citation omitted). Indeed, the legal framework of the complaint must be supported by factual allegations that "raise a right to relief above the speculative level." *Id.* However, "when the allegations in a complaint . . . could not raise a claim of entitlement to relief," this defect should be exposed at an early stage and the claim dismissed. *Twombly*, 550 U.S. at 558, 127 S. Ct. at 1966.

#### B. Plaintiff's Claims for Incidental Damages, Consequential Damages, Attorney's Fees, Litigation Expenses, Exemplary Damages and Pre-Judgment Interest Pursuant to Tennessee State Law are Preempted and Barred by Federal Law

Wright moves for dismissal of Plaintiff's claims for incidental damages, consequential damages, attorney's fees, litigation expenses, exemplary/punitive damages and prejudgment interest based upon the alleged violations of state law (negligence, fraud, bad faith), including

5

Tennessee Code § 56-7-105. Federal law controls breach of contract actions involving SFIPs. *Gibson*, 289 F.3d at 949–50. Courts have consistently held that state law claims in a suit brought pursuant to a SFIP are preempted by federal law. *Id*.; *see Wright v. Allstate*, 415 F.3d at 389–90 (citing *C.E.R. 1988, Inc. v. Aetna Cas. & Sur. Co.*, 386 F.3d 263 (3d Cir. 2004)). Plaintiffs are not entitled to recover these fees or damages or any such related expenses under federal law in connection with a breach of contract claim under a SFIP. *See Scritchfield v. Mut. Of Omaha Ins. Co.*, 341 F. Supp. 2d 675, 681–82 (E.D. Tex. 2004). Consequently, there is no basis for recovery of incidental damages, consequential damages, attorney's fees, litigation expenses, exemplary/punitive damages and prejudgment interest pursuant to state law, including Tennessee Code § 56-7-105, in cases involving a dispute under the NFIP. *Gibson*, 289 F.3d at 949–50.

    The Sixth Circuit's decision in *Gibson* is controlling. The Plaintiff in *Gibson* advanced claims against American Bankers, a WYO carrier, alleging breach of the SFIP, violations of Kentucky law and breach of the fiduciary obligations of good faith and fair dealing. *Id*. at 945–46. After removing the case to the U.S. District Court for the Eastern District of Kentucky, the WYO carrier filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Id*. at 946. The WYO carrier argued that the SFIP claims were time barred by the one year statute of limitations contained in the SFIP and that the state law claims were preempted. *Id*. The district court, in addition to finding that the claims under the SFIP were time barred, dismissed all of the state law claims on the grounds that they were preempted. *Id*. The case was appealed to the United States Court of Appeals for the Sixth Circuit. In affirming the district court's decision dismissing the state law claims, the Court held that the state law claims were preempted and barred by federal law. *Id*. at 949. Since the decision in *Gibson*, numerous other circuits have concluded that state law claims are preempted by federal law. *Gunter v.*

6

*Farmers Ins. Co.*, 736 F.3d 768, 771–72 (8th Cir. 2013); *Shuford*, 508 F.3d at 1344 (11th Cir.); *Wright v. Allstate*, 415 F.3d at 389–90 (5th Cir.); *C.E.R. 1988, Inc.*, 386 F.3d at 268–72 (3d Cir.).

Moreover, no provision within the NFIA allows for an award of incidental damages, consequential damages, attorney's fees, litigation expenses, exemplary/punitive damages or prejudgment interest. The SFIP provides that coverage only extends to "direct physical loss by or from flood. . . ." 44 C.F.R. pt. 61, app. A(1), art. III(A); *see Wright v. Allstate Ins. Co.*, 500 F.3d 390, 398 (5th Cir. 2007) (holding that the NFIA does not provide for extra-contractual claims). Congress only extended flood insurance coverage under the NFIP for "loss resulting from physical damage to or loss of real property or personal property related thereto. . . ." 42 U.S.C. § 4011; s*ee also Perdido Sun Condo. Ass'n v. Nationwide Mut. Ins. Co.*, 2007 WL 2565990, at *6 (N.D. Fla. Aug. 30, 2007). "[T]he type of loss insured under the SFIP does not include the kind of economic loss claimed by appellant under the rubric of 'consequential damages.'" *Perdido Sun*, 2007 WL 2565990, at *6 (citing *Atlas Pallet, Inc. v. Gallagher*, 725 F.2d 131, 139 (1st Cir. 1984)); *see Brandt v. Am. Bankers Ins. Co.*, 2010 WL 3220620, at *4 (W.D. Wash. August 13, 2010). The *Atlas Pallet* court concluded "that the SFIP only covers physical damage to the insured building." 725 F.2d at 139. Likewise, the *Perdido Sun* court found that the plaintiff's demand for consequential damages, including attorney's fees, was improper under the SFIP. 2007 WL 2565990, at *6.

Claims for prejudgment interest are also barred. *Newton*, 245 F.3d at 1309–10. In *Newton*, the Eleventh Circuit held that interest is not recoverable based on the "no-interest rule" premised on the sovereign immunity of the United States. 245 F.3d at 1310–12 (citing *In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir. 1987) (holding that nothing in the NFIA indicates a Congressional waiver of immunity from interest awards)). The *Newton* Court reasoned that any

prejudgment interest awards against WYO companies are actually direct charges on the public treasury, which are forbidden by the "no-interest rule." *Newton*, 245 F.3d at 1312. Any award against Wright in this case will ultimately be paid for by U.S. Treasury funds, and Plaintiff's claim for interest is barred and should be dismissed as a matter of law.

## IV. CONCLUSION

For the aforesaid reasons, Wright National Flood Insurance Company respectfully prays that the Court enter an Order dismissing the Plaintiff's claims for incidental damages, consequential damages, attorney's fees, litigation expenses, exemplary/punitive damages and prejudgment interest, including all other claims advanced or damages claimed under Tennessee state law, including Tennessee Code § 56-7-105.

Dated: December 13, 2016

Respectfully submitted,

By: *Counsel for Defendant,*
Wright National Flood Insurance Company,

/s/ Christopher M. Jones
Mark S. LeVan (# 012155)
Christopher M. Jones (#022142)
LeVAN, SPRADER, PATTON, PLYMIRE & OFFUTT
201 Fourth Avenue North, Suite 1500
Nashville, TN 37219
(615) 843-0300 phone
(615) 843-0310 fax
Email: mlevan@lsplaw.net
Email: cjones@lsplaw.net
*Counsel for Defendant Wright National Flood Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2016, copies of this pleading have been served upon all parties or their attorneys contemporaneously with or before the filing of this pleading, in a manner authorized by Federal Rule of Civil Procedure 5(b)(1), using the CM/ECF system which will send notice of electronic filing, as follows:

Nathan Colburn
1201A 7th Avenue North
Nashville, TN 37208
Colburnlaw@gmail.com